# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | DOCKET NO.: 20-10136(12)-RGS |
| | ) | |
| MICHAEL TOUSSAINT, | ) | |
| Defendant. | ) | |

## DEFENDANT TOUSSAINT'S SENTENCING MEMORANDUM AND INCORPORATED MOTION FOR DEPARTURE AND/OR VARIANCE FROM THE SENTENCING GUIDELINES

NOW COMES the defendant, Michael Toussaint, ("Toussaint"), through counsel, and hereby moves this Honorable Court for a downward departure and/or variance pursuant to 18 U.S.C. § 3553 from the otherwise applicable guideline range both as recommended by the Probation Department in the Presentence Report, ("PSR"), and/or from the defendant's final Guideline Sentence as determined by the Court. The defendant also submits the instant Memorandum in support of the factual challenges and the legal issues raised in his suggested revisions to the PSR. In support thereof, counsel states the following:

1

# ARGUMENT

## A. TOUSSAINT'S CONDUCT IS LESS SERIOUS WHERE THERE IS NO EVIDENCE THAT TOUSSAINT SOLD DRUGS TO OTHER INDIVIDUALS.

Without minimizing the quantity purchased by Toussaint, it is fairly clear that he was using and or sharing substantial quantities of the drugs purchased. This places him in a different category than most defendants sentenced at or near his base offense level. This conclusion is supported by the evidence of his substance addiction at or near the time of his arrest. Toussaint has made substantial efforts to rein in his addiction to insure that he is never involved in substance abuse or distribution again.

## B. TOUSSAINT'S OFFENSE OF CONVICTION AND CRIMINAL HISTORY ARE LESS SERIOUS THAN CONTEMPLATED BY THE SENTENCING GUIDELINES

Criminal justice reform is happening, but not a fast enough pace to adequately address the nuances of Toussaint's case. Substance abuse is a factor in this case. Job placement is delayed by incarceration. Family assistance is delayed. Toussaint is 40 years old and will have limited employment options after this conviction. The sooner he continues earning income, the better he will be able to care for his young family and the

2

better support he will have to maintain sobriety. *Gall v. United States,* 552 U.S. 38, 59 (2007)(acknowledging that in some cases, a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing).

### i. Application of *Gall Factors*

Accordingly, this Court may consider any apparent discrepancy in deciding whether to depart or construct a variance pursuant to 3553 from the Guideline sentence. The sentencing guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220 (2005). Federal Courts are now free to tailor individual sentences in light of the factors set forth in 18 U.S.C. 3553 (a), which includes the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the Defendant; and (D) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment ...; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established

> for ... the applicable category of offense committed by the applicable category of Defendant as set forth in the guidelines ...; (5) any pertinent policy statement ...; (6) the need to avoid unwarranted sentence disparities among Defendants with similar records ...; and (7) the need to provide restitution to any victims of the offense.

18 U. S. C. 3553 (a)(2)(A)(B)(C)(D). The Supreme Court's decisions in *United States v. Booker,* 543 U.S. 220 (2005), *Kimbrough v. United States,* 552 U.S. 85 (2007), and *Gall v. United States,* 552 U.S. 38 (2007), expand the basis for non-guidelines sentences to include all offender and offense characteristics and to include policy problems in the applicable guidelines, and requires judges to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing.

In *Gall,* the court set forth a three step procedure: First, begin all sentencing proceedings by correctly calculating the applicable Guidelines range. Second, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. Third, the judge should explain. *Gall*, 552 U.S. at 50.

### ii. Restorative Justice

For lack of a better description there is something about Toussaint's criminal record that is very troubling and needs to be addressed by the Court. Here, not only is Toussaint's role unique, but so is his criminal history. He is deemed by the Guidelines to be a level III based upon one conviction for which he served a six month sentence and was on probation at the time of the instant offense. The rest of his criminal charges over a 20 year period were **all dismissed**! Toussaint's record speaks to a type of law enforcement activity that has since been criticized and hopefully abandoned. Thirteen times Toussaint was arrested by the police only to have the charges dismissed. Counsel has never seen anything like this before. This amount of disruption to an individual's life combined with the trauma of each arrest certainly effected the formative early stages of Toussaint's life, his employment, his relationships and his view of himself.

In the instant case, the Court is urged to impose a sentence that is reflective of all the 3553 criteria, but emphasizes the defendant's limitted

criminal history, substance abuse rehabilitation, family characteristics and good deeds.

### C. THE DEFENDANT'S MENTAL HEALTH, FAMILY CIRCUMSTANCES AND GOOD WORKS WARRANT A VARIANCE PURSUANT TO 18 U.S.C. SECTION 3553.

As set forth in Part B of the PSR and the letters of support, Toussaint had a difficult childhood and was been dealing with parents who were living in separate states. Additionally, the PSR and letters of support submitted to the Court describe the good deeds performed by the defendant towards family. His substance abuse rehabilitation and successful reunification with his young child speak to his level of commitment to law abiding citizenship moving forward. Accordingly, the defendant seeks a downward variance from the Sentencing Guidelines for his family circumstances and good works.

This Circuit has long recognized the critical importance that criminal defendants may have in the lives of their loved ones as a matter of day to day care and support. This is a recognition of the fact that other family members are dependent on defendants to the point where a lengthy

incarceration would act as a hardship to the family. Not all of these adjustments rise to the level of a classic guideline departure, but may be a source of variance from the sentencing guidelines.

In *United States v. Thurston,* 544 F.3d 22, 25-26 (1st Cir. 2008), the First Circuit left intact a 24 month sentence imposed by the district court in a case where the defendant had pleaded guilty to a $5,000,000 Medicare fraud. This "dramatic" variance from the five year guideline sentence was supported by the district court's assessment of the Section 3553(a) factors and in particular the defendant's good works with others. *Id.*

The letters of support and PSR establish that the Defendant provides critical support for his family. Likewise, in *United States v. Roselli,* 366 F.3d 58, 69-70 (1st Cir. 2004), the First Circuit denied a Government appeal where the district court had granted a departure for extraordinary family circumstance in a case involving 2 children with serious medical conditions. The young and formative nature of Toussaint's family support a similar finding.

More recently, the First Circuit has affirmed that a departure or variance for exceptional family circumstances exist where the defendant's caretaking is "irreplaceable" to the family. *United States v. Herman,* 848 F3d 555 (2017).

As a result, a sentencing variance is warranted.

### D. ABERRANT BEHAVIOR

Toussaint's criminal conviction constitutes aberrant behavior resulting from substance abuse entitling him to a departure from the applicable sentencing guidelines. *United States v. Pozzy*, 902 F.2d 133, 137-138 (1st Cir. 1990); citing *United States v. Russell*, 870 F.2d 18 (1st Cir. 1989). He has no prior significant record and has worked extremely hard for a lengthy period of his life.

### E. COMBINATION OF FACTORS

A combination of the above factors may constitute a separate basis for departure. *Koon v. United States*, 518 U.S. 81, 113-14 (1996); *United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990).

### F. SENTENCING RECOMMENDATION

For the reasons set forth herein, locking Toussaint up for any period of time would serve very little as a need to promote respect for the justice system given his limited role in this case. Meanwhile his significant accomplishment's while on pretrial release could be undermined by emotional and financial harm to his young family while he is incarcerated. Therefore, counsel respectfully requests a sentence of probation and home confinement but with no prison sentence.

### CONCLUSION

Based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to impose a sentence consistent with the arguments set forth herein.

Respectfully submitted,

_____
Peter Charles Horstmann, Esquire
 BBO #556377
450 Lexington Street, Suite 101
Newton, Massachusetts 02466

9

(617) 519-9011

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 2nd day of February, 2022, a copy of the foregoing SENTENCING MEMORANDUM was served electronically, upon AUSAs Kaitlin O'Donnell and Timothy Moran, 1 Courthouse Way, Boston, MA 02110.

_____
Peter Charles Horstmann, Esquire